IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STATE OF TEXAS, ) | |
| ) | |
| vs. ) | No. 3:21-CV-0097-B (BH) |
| ) | |
| JOSEPH DINGLER, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Emergency Notice of Removal*, filed January 13, 2021 (doc. 4). Based on the relevant filings and applicable law, this case should be **REMANDED** to the state court *sua sponte*.

### I.  BACKGROUND

On January 13, 2021, Joseph Dingler (Defendant) sought leave to file an emergency notice of removal of four state criminal cases against him to federal district court for the Northern District of Texas, Dallas Division, in a pending civil rights case.  (*See* doc. 3.)  By order dated January 14, 2021, the notice of removal was ordered filed in a new civil action.  (*See id.*)

Citing 28 U.S.C. § 1455 and § 1443(2), Defendant appears to seek to remove four criminal cases pending in County Court at Law Number Two in Rockwall County, Texas.  (*See* doc. 4 at 1, 14-21.)  According to the notice, he was arrested on July 31, 2019, and charged with violation of Texas Penal Code § 42.072(b), stalking with prior.  (*Id.* at 3.)  He previously attempted to remove those charges to this Court unsuccessfully.  *See Dingler v. State of Texas*, No. 3:19-CV-2828-L-BN, 2019 WL 8501025 (N.D Tex. Dec. 4, 2019), *rec. adopted as modified*, 2020 WL 947985 (N.D. Tex. Feb. 27, 2020).  According to his motion for reconsideration of the order that a new case be opened

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

for the notice of removal, the prior felony charges were dismissed, and he was charged with the four misdemeanor cases that he now seeks to remove based on the same conduct. *See Dingler v. Rockwall County Sheriff,* No. 3:19-CV-2635-B-BH (N.D. Tex.), doc. 15 at 1-2. He is still awaiting trial on those misdemeanor charges. (*See id.*; *see also* doc. 4 at 161.)

## II. REMOVAL OF CRIMINAL PROSECUTIONS

Section 1443 of Title 28 authorizes the removal of any of the following civil actions or criminal prosecutions filed in state court, even if the action would not otherwise be removable under the court's original jurisdiction:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. The defendant bears the burden of establishing his right to removal under this statute. *See Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86–87 (5th Cir. 1982). Moreover, the notice of removal must be examined promptly by the court and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The procedural requirements for removing a state court criminal proceeding to federal district court are found in Title 28 U.S.C. § 1455. It requires the removing party to file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). The notice of removal of a criminal prosecution must include "all grounds for such removal." *Id.* § 1455(b)(2). "If it clearly appears on the face of the notice and any exhibits

annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1455(b)(4).

Here, Defendant's emergency notice of removal does not comply with § 1455(a) because it does not include "a copy of all process, pleadings and orders served upon such defendant or defendants in such action." It also does not comply with § 1455(b)(2) because it fails to provide proper grounds for removal. "Only a very small class of criminal cases are removable to federal court: (1) actions against federal law enforcement officers or officials for acts taken in performance of their official duties; (2) prosecutions of members of the armed forces; (3) prosecutions against officials for acts or refusals to act under civil rights statutes; and (4) suits '[a]gainst any person who is denied or cannot enforce' in the state courts 'a right under any law providing for the equal civil rights of citizens of the United States.' " *Mnuk v. Texas*, No. A-14-CA-1128-SS, 2015 WL 4395376, at *1 (W.D. Tex. July 16, 2015) (citing 28 U.S.C. §§ 1442, 1442a, 1443). Defendant does not allege that he is a federal officer, a member of the armed forces, or an official enforcing a civil rights statute. *See* 28 U.S.C. §§ 1442, 1442a, 1443. He also does not allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights).

Because it clearly appears on the face of Defendant's emergency notice of removal that removal should not be permitted, a summary remand of these criminal cases should be ordered.

### IV.  RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the County Court at Law Number Two of

Rockwall County, Texas, for further proceedings.

**SO RECOMMENDED this 20th day of January, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4