**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:21-CV-0097-B (BH)** |
| | ) | |
| **JOSEPH DINGLER,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion for Rule 60 Relief*, received on June 27, 2022 (doc. 22), should be **DENIED**.

## I.      BACKGROUND

On January 13, 2021, Joseph Dingler (Defendant) sought leave to file an emergency notice of removal of four state criminal cases against him in a then pending civil rights case in this district. (*See* doc. 3.)  By order dated January 14, 2021, the notice of removal was ordered filed in this new civil action because the parties, claims, and facts underlying the notice of removal were unrelated to his civil rights case.  (*See id.*)

Citing 28 U.S.C. § 1455 and § 1443(2), Defendant appeared to seek to remove four criminal cases pending in County Court at Law Number Two in Rockwall County, Texas. (*See* doc. 4 at 1, 14-21.)  According to the notice, he was arrested on July 31, 2019, and charged with violation of "Texas Penal Code § 42.072(b) Stalking with prior."  (*Id.* at 3.)  He had previously attempted to remove those charges to this Court unsuccessfully.  *See Dingler v. State of Texas*, No. 3:19-CV-2828-L-BN, 2019 WL 8501025 (N.D. Tex. Dec. 4, 2019), *rec. adopted as modified*, 2020 WL 947985 (N.D. Tex. Feb. 27, 2020).  According to his motion for reconsideration of the order that

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

a new case be opened for the notice of removal, the prior felony charges were dismissed, and he was charged with four misdemeanor cases based on the same conduct that he was seeking to remove. *See Dingler v. Rockwall County Sheriff,* No. 3:19-CV-2635-B-BH (N.D. Tex.), doc. 15 at 1-2.

On January 20, 2021, it was recommended that the case be *sua sponte* remanded to the County Court at Law Number Two of Rockwall County, Texas, because Defendant's proposed removal failed to comply with the procedural requirements under 28 U.S.C. § 1455 for removing a state court criminal proceeding to federal district court. (*See* doc. 7 at 2-4.) Defendant objected to the recommendation on February 2, 2021. (*See* doc. 8.) On February 19, 2021, the recommendation was accepted, and judgment was entered remanding the case to the County Court at Law Number Two of Rockwall County, Texas. (*See* docs. 9-10.) His appeal was dismissed for want of prosecution on July 7, 2021. (*See* doc. 21.)

Defendant now seeks relief under Federal Rule of Civil Procedure 60(b). (*See* doc. 22.) He appears to take issue with his notice of removal being filed in a new civil action. (*See id.* at 2-4.) He contends, "I cannot explain what transpired in the Court process, however It [sic] was NOT what I intended to be docketed. It was NOT the case I intended to prosecute." (*Id.* at 3.) He alleges that "what I can see was direct representation by Court personell [sic], the magistrate oders that directly opperated [sic] to sabbatage [sic] my proscution [sic], to greatly 'Frusterate' [sic] my Access to Courts." (*Id.*) He claims that he "was shut out of Court by gross misconstruction of my prosecution." (*Id.*)

## II.    FED. R. CIV. P. 60(B)

Rule 60(b) provides that, upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)

2

newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(6).  A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered.  *See* Fed. R. Civ. P. 60(c)(1).

## A.    <u>Rule 60(b)(1)</u>

Defendant expressly states, "I hope what I am detailing to this Court is just 'mistake, excusable neglect,'" which appears to implicate Rule 60(b)(1).  (doc. 22 at 2); *see also* Fed. R. Civ. P. 60(b)(1) (authorizing relief based on "mistake, inadvertence, surprise, or excusable neglect").  The order directing that Defendant's notice of removal be filed in a new civil action was entered on January 14, 2021, and judgment remanding the action to the county court was entered on February 19, 2021.  (*See* docs. 3, 10.)  Defendant did not file his Rule 60(b) motion until 17 months and 16 months later, respectively, and an appeal does not toll the one-year limitations period for filing a Rule 60(b)(1) motion.  (*See* doc. 22); *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972) ("The one year limitation [for Rule 60(b)(1)] is not tolled by an appeal.").  Accordingly, to the extent Defendant seeks relief from either the order directing the notice to be filed in a new civil action or the judgment under Rule 60(b)(1) for alleged "mistake, inadvertence, surprise, or excusable neglect," his motion is untimely.  *See* Fed. R. Civ. P. 60(c)(1).

## B.    <u>Rule 60(b)(6)</u>

To the extent Defendant's motion may be liberally construed as seeking relief under Rule

60(b)(6), the "catch-all" clause of Rule 60(b), his claim still fails. *See Hess v. Cockrell*, 281 F.3d

212, 215-16 (5th Cir. 2002).  Rule 60(b)(6) is "'a residual clause used to cover unforeseen

contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'"

*Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand

Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)).  Motions under this clause "will be

granted only if extraordinary circumstances are present."  *Hess*, 281 F.3d at 216 (citation and

internal quotation marks omitted).  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981),

the Fifth Circuit set forth the following factors to be considered when evaluating such a motion:

(1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be

used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve

substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the

case was not decided on its merits due to a default or dismissal, the interest in deciding the case

on its merits outweighs the interest in the finality of the judgment and there is merit in the claim

or defense; (6) whether, if the judgment was rendered on the merits, the movant had a fair

opportunity to present his claims; (7) whether there are intervening equities that would make it

inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under

attack.  *Id.* at 402.

      Here, Defendant claims he "was shut out of Court by gross misconstruction of my

prosecution."  (doc. 22 at 3.)  He alleges, "What I can remember, I filed my suit & attached

evidence. . . Court personell [sic] & Magistrate Order then & there, seperated [sic] the evidence,

characterized it as another suit, gave it a different docket number and then closed the suit I filed

for lacking evidence to support my claims?"  (*Id.* at 3-4.)  He claims that "his pleas were ignored"

when he objected and tried "to explain the problem with what transpired, detail to the Court of the

error." (*Id.* at 4.)

As noted in the January 14, 2021 order, Defendant's notice of removal was opened in a new civil case because the parties, claims, and facts underlying it were unrelated to the claims in his then pending civil rights case, with which he sought to consolidate the notice. (*See* doc. 3.) The January 20, 2021 recommendation noted that Defendant failed to satisfy the procedural requirements under 28 U.S.C. § 1455 for removing a state court criminal proceeding to federal district court, which warranted a summary remand to the county court. (*See* doc. 7 at 2-3.) Although Defendant disagrees with the construction and resolution of his case, he has failed to come forward with new, relevant facts, evidence, or persuasive legal precedent sufficient to reverse the filing of his notice of removal in a new civil action or to show that he satisfied the procedural requirements under 28 U.S.C. § 1455 for removing a state court criminal proceeding to federal district court.[2]  Nor has he demonstrated exceptional circumstances warranting relief under Rule 60(b)(6). Accordingly, Defendant's motion should be denied.

### III.    CIVIL CLAIMS

Defendant also appears to allege new civil claims and seeks a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); he claims that he has "a civil interest in securing Constitutional rights, monetary interest for the injury suffered 'under color of' state authority," and that "the DOJ and this Court have a Title 18 interest in my whistleblower complatant [sic] claims and currently held evidence showing" various alleged violations of the Texas Penal Code. (*Id.* at 5; *see also id.* at 3-6.)

---

[2] Defendant appears to rely on *Heck v. Humphrey*, 512 U.S. 477 (1994), to support of his Rule 60(b) motion.  (*See* doc. 22 at 5-6.)  He admits, however, that none of the case law relying on *Heck* or related cases address the removal of state court criminal proceedings under § 1455(a) in the context of *Heck*.  (*See id.* at 6.)  He therefore has not shown that *Heck* provides a basis for Rule 60(b) relief in this action.

To the extent Defendant seeks to assert new civil claims against new defendants, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[3] A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, Defendant's filing is not liberally construed as seeking to open a new case at this time.

### IV.    RECOMMENDATION

The *Motion for Rule 60 Relief*, received on June 27, 2022 (doc. 22), should be **DENIED**.

**SIGNED this 1st day of July, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE